IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NATHAN: WHITE,

                  Plaintiff,                  OPINION AND ORDER

  v.

                                                            23-cv-798-wmc

WISCONSIN DEPARTMENT OF
CHILDREN AND FAMILIES,

                  Defendant.

---

Plaintiff Nathan White has filed this civil action against the Wisconsin Department of Children and Families ("DCF").[1] The complaint stems from a dispute over the collection of child support. White is representing himself in this case, and he has paid the filing fee in full. Still, a district court is authorized to conduct limited screening and to dismiss a fee-paid complaint, *sua sponte*, if it appears that the allegations are insufficient to establish federal subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998); *see also Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).

In screening any self-represented litigant's pleadings, the court must construe the claims generously. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Even under this lenient

---

[1] Although invoking this court's jurisdiction, White's pleading uses some conventions typical of so-called "sovereign citizen" litigants, including a colon in his name. *See United States v. Falice*, 2021 WL 5629246, at *1 (W.D.N.C. Nov. 30, 2021) (citation omitted). This opinion will refer to White using his surname alone. In addition, the caption of White's complaint named the "State of North Wisconsin" as defendant. However, there are no references to such an entity anywhere else in his complaint, which otherwise references DCF as the sole defendant throughout the pleading. Moreover, there obviously is no such legally recognized entity. Accordingly, the court will treat DCF as the sole defendant in this case, and consistent with that ruling, has similarly amended the caption as reflected above.

standard, however, White's complaint must be dismissed because this court plainly lacks subject matter jurisdiction over his claims.

## ALLEGATIONS OF FACT

For purposes of this order, the court accepts White's well-pleaded allegations as true and assumes the following probative facts. White currently resides in Weston, Wisconsin. (Dkt. #10-2.) The complaint in this case stems from DCF garnishing White's wages to satisfy his child support obligations in Wisconsin. More specifically, White claims that the garnishment of his wages is being conducted under "illegal premises" and violates his rights to property and due process under the First and Fourteenth Amendments, respectively, as well as under "any applicable Wisconsin statutes." White seeks relief in the form of a "reparation" of "$10 million" for the "unlawful garnishment" of his wages. (Dkt. #1, at 1.) White further seeks injunctive relief to "cease the unjust deductions" from his wages "with immediate effect" and termination of the child support case against him "with no reevaluation." (*Id.* at 1, 3-4.)

## OPINION

Plaintiff has pleaded violations of the U.S. Constitution in his complaint, but his challenge is to the imposition and collection of child support obligations, and those claims

fall within the area of family or domestic relations.[2] As such, state law governs the outcome of this case. *See Rose v. Rose*, 481 U.S. 619, 625 (1987) (quoting *In re Burrus*, 136 U.S. 586, 593-94 (1890)) ("the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States"); *Moore v. Sims*, 442 U.S. 415, 435 (1979) ("family relations are a traditional area of state concern"); *De Sylva v. Ballentine*, 351 U.S. 570, 580 (1956) ("there is no federal law of domestic relations, which is primarily a matter of state concern").

More importantly for purposes of this court's screening of the complaint, unless a substantial federal question "transcends or exists apart from" a dispute involving family law or domestic relations, federal courts must decline jurisdiction even when divorce, alimony, or child custody is not strictly at issue. *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 13 (2004), *abrogated on other grounds by Lexmark Int'l Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014); *see also Jenkins v. Child Support Agency*, 2022 WL 1404252, at *1 (W.D. Wis. May 4, 2022) (citing *Struck v. Cook Cty. Pub. Guardian*, 508 F.3d 858, 859 (7th Cir. 2007)).

Since Plaintiff has wholly failed to allege facts even signaling the existence of such a substantial federal question separate and apart from his obligation to make child support

---

[2] When White filed this case, which was transferred from the U.S. District Court for the Central District of California (dkt. #7), he provided addresses in California (dkt. #1-1, at 2) or in Georgia (dkt #1, at 1). To determine the existence of diversity jurisdiction, citizenship is "determined with reference to the facts as they existed at the time of filing." *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570 (2004) (citation omitted). However, White declares himself to be a "resident of Wisconsin" on the face of his complaint (dkt. #1, at 1), which partially explains the transfer of this case and also leaves this court no basis to conclude otherwise. Therefore, the court cannot exercise diversity jurisdiction over this case, although as discussed in the text above, the same restriction on its exercise applies here whether or not plaintiff properly alleged a federal constitutional claim or statutory claim, diversity of citizenship between the parties, or both.

payments, this court has no jurisdiction to consider the claims in this case. On the contrary, his claims, such as they are, (1) arise directly out of his child support obligations, and (2) involve no federal question. Plaintiff also fails to identify a named defendant who is even amenable to suit under 42 U.S.C. § 1983. DCF is a state agency that is not a "person" under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989). Although the court could *sua sponte* substitute the Secretary of DCF, in her official capacity, as a defendant under Fed. R. Civ. P. 21, doing so would still not support the court's exercise of subject matter jurisdiction over plaintiff's family law dispute.

If plaintiff's complaint directly challenged a specific order or state court judgment requiring him to pay child support, the court would be barred from reviewing it under the *Rooker-Feldman* doctrine. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Harold v. Steel*, 773 F.3d 884, 885 (7th Cir. 2014). If plaintiff disagrees with the amount of child support owed or any efforts to collect a past due balance, therefore, his only recourse is to pursue relief through the Wisconsin state court system or appropriate state agencies.

ORDER

IT IS ORDERED that the complaint filed by Plaintiff Nathan White is DISMISSED for lack of subject matter jurisdiction.

Entered this 31st day of January 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge